IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10071
_____


PIZZA HUT, INC.,

Plaintiff-Counter Defendant-Appellee,

versus

PAPA JOHN'S INTERNATIONAL, INC.;
PAPA JOHN'S USA, INC.,

Defendants-Counter Claimants-Appellants.
_____

Appeals from the United States District Court for the
Northern District of Texas, Dallas
_____

September 19, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal presents a false advertising claim under section 43(a) of the Lanham Act, resulting in a jury verdict for the plaintiff, Pizza Hut. At the center of this appeal is Papa John's four word slogan "Better Ingredients. Better Pizza."

The appellant, Papa John's International Inc. ("Papa John's"), argues that the slogan "cannot and does not violate the Lanham Act" because it is "not a misrepresentation of fact." The appellee, Pizza Hut, Inc., argues that the slogan, when viewed in the context of Papa John's overall advertising campaign, conveys a false

statement of fact actionable under section 43(a) of the Lanham Act. The district court, after evaluating the jury's responses to a series of special interrogatories and denying Papa John's motion for judgment as a matter of law, entered judgment for Pizza Hut stating:

> When the 'Better Ingredients. Better Pizza.' slogan is considered in light of the entirety of Papa John's post-May 1997 advertising which violated provisions of the Lanham Act and in the context in which it was juxtaposed with the false and misleading statements contained in Papa John's print and broadcast media advertising, the slogan itself became tainted to the extent that its continued use should be enjoined.

We conclude that (1) the slogan, standing alone, is not an objectifiable statement of fact upon which consumers would be justified in relying, and thus not actionable under section 43(a); and (2) while the slogan, when utilized in connection with some of the post-May 1997 comparative advertising--specifically, the sauce and dough campaigns--conveyed objectifiable and misleading facts, Pizza Hut has failed to adduce any evidence demonstrating that the facts conveyed by the slogan were material to the purchasing decisions of the consumers to which the slogan was directed. Thus, the district court erred in denying Papa John's motion for judgment as a matter of law. We therefore reverse the judgment of the district court denying Papa John's motion for judgment as a matter of law, vacate its final judgment, and remand the case to the district court for entry of judgment for Papa John's.

2

I

A

Pizza Hut is a wholly owned subsidiary of Tricon Global Restaurants. With over 7000 restaurants (both company and franchisee-owned), Pizza Hut is the largest pizza chain in the United States. In 1984, John Schnatter founded Papa John's Pizza in the back of his father's tavern. Papa John's has grown to over 2050 locations, making it the third largest pizza chain in the United States.

In May 1995, Papa John's adopted a new slogan: "Better Ingredients. Better Pizza." In 1996, Papa John's filed for a federal trademark registration for this slogan with the United States Patent & Trademark Office ("PTO"). Its application for registration was ultimately granted by the PTO. Since 1995, Papa John's has invested over $300 million building customer goodwill in its trademark "Better Ingredients. Better Pizza." The slogan has appeared on millions of signs, shirts, menus, pizza boxes, napkins and other items, and has regularly appeared as the "tag line" at the end of Papa John's radio and television ads, or with the company logo in printed advertising.

On May 1, 1997, Pizza Hut launched its "Totally New Pizza" campaign. This campaign was the culmination of "Operation Lightning Bolt," a nine-month, $50 million project in which Pizza

Hut declared "war" on poor quality pizza. From the deck of a World War II aircraft carrier, Pizza Hut's president, David Novak, declared "war" on "skimpy, low quality pizza." National ads aired during this campaign touted the "better taste" of Pizza Hut's pizza, and "dared" anyone to find a "better pizza."

In early May 1997, Papa John's launched its first national ad campaign. The campaign was directed towards Pizza Hut, and its "Totally New Pizza" campaign. In a pair of TV ads featuring Pizza Hut's co-founder Frank Carney, Carney touted the superiority of Papa John's pizza over Pizza Hut's pizza. Although Carney had left the pizza business in the 1980's, he returned as a franchisee of Papa John's because he liked the taste of Papa John's pizza better than any other pizza on the market. The ad campaign was remarkably successful. During May 1997, Papa John's sales increased 11.7 percent over May 1996 sales, while Pizza Hut's sales were down 8 percent.

On the heels of the success of the Carney ads, in February 1998, Papa John's launched a second series of ads touting the results of a taste test in which consumers were asked to compare Papa John's and Pizza Hut's pizzas. In the ads, Papa John's boasted that it "won big time" in taste tests. The ads were a response to Pizza Hut's "dare" to find a "better pizza." The taste test showed that consumers preferred Papa John's traditional crust

pizzas over Pizza Hut's comparable pizzas by a 16-point margin (58% to 42%). Additionally, consumers preferred Papa John's thin crust pizzas by a fourteen-point margin (57% to 43%).

Following the taste test ads, Papa John's ran a series of ads comparing specific ingredients used in its pizzas with those used by its "competitors." During the course of these ads, Papa John's touted the superiority of its sauce and its dough. During the sauce campaign, Papa John's asserted that its sauce was made from "fresh, vine-ripened tomatoes," which were canned through a process called "fresh pack," while its competitors--including Pizza Hut-- make their sauce from remanufactured tomato paste. During the dough campaign, Papa John's stated that it used "clear filtered water" to make its pizza dough, while the "biggest chain" uses "whatever comes out of the tap." Additionally, Papa John's asserted that it gives its yeast "several days to work its magic," while "some folks" use "frozen dough or dough made the same day." At or near the close of each of these ads, Papa John's punctuated its ingredient comparisons with the slogan "Better Ingredients. Better Pizza."

Pizza Hut does not appear to contest the truthfulness of the underlying factual assertions made by Papa John's in the course of these ads. Pizza Hut argues, however, that its own independent taste tests and other "scientific evidence" establishes that

filtered water makes no difference in pizza dough, that there is no "taste" difference between Papa John's "fresh-pack" sauce and Pizza Hut's "remanufactured" sauce, and that fresh dough is not superior to frozen dough. In response to Pizza Hut's "scientific evidence," Papa John's asserts that "each of these 'claims' involves a matter of common sense choice (fresh versus frozen, canned vegetables and fruit versus remanufactured paste, and filtered versus unfiltered water) about which individual consumers can and do form preferences every day without 'scientific' or 'expert' assistance."

In November 1997, Pizza Hut filed a complaint regarding Papa John's "Better Ingredients. Better Pizza." advertising campaign with the National Advertising Division of the Better Business Bureau, an industry self-regulatory body. This complaint, however, did not produce satisfactory results for Pizza Hut.

                                    B

On August 12, 1998, Pizza Hut filed a civil action in the United States District Court for the Northern District of Texas charging Papa John's with false advertising in violation of Section 43(a)(1)(B) of the Lanham Act. The suit sought relief based on the above-described TV ad campaigns, as well as on some 249 print ads. On March 10, 1999, Pizza Hut filed an amended complaint. Papa John's answered the complaints by denying that its advertising and slogan violated the Lanham Act. Additionally, Papa John's asserted

6

a counterclaim, charging Pizza Hut with engaging in false advertising. The parties consented to a jury trial before a United States magistrate judge. The parties further agreed that the liability issues were to be decided by the jury, while the equitable injunction claim and damages award were within the province of the court.

The trial began on October 26, 1999, and continued for over three weeks. At the close of Pizza Hut's case, and at the close of all evidence, Papa John's moved for a judgment as a matter of law. The motions were denied each time. The district court, without objection, submitted the liability issue to the jury through special interrogatories.[1] The special issues submitted to the jury related to (1) the slogan and (2) over Papa John's objection, certain classes of groups of advertisements referred to as "sauce

---

[1]Although Papa John's did not object to the submission of the issue of Lanham Act liability to the jury via special interrogatories, it did object to the district court's refusal to submit special interrogatories on the essential elements of materiality and injury. Specifically, Papa John's submitted the following proposed jury interrogatories: (1) "Do you find that any false or misleading description or representation of fact in Papa John's Slogan 'Better Ingredients. Better Pizza.' are material in that they are likely to influence the purchasing decisions of prospective purchasers of pizza?" (emphasis added); and (2) "Do you find that any facts or misleading descriptions or representations of fact in Papa John's Slogan 'Better Ingredients. Better Pizza.' are likely to cause injury or damage to Pizza Hut in terms of declining sales or loss of good will?" The district court, without issuing written reasons, denied Papa John's request for special jury interrogatories on these two elements of Pizza Hut's prima facie case.

7

claims," "dough claims," "taste test claims," and "ingredients claims."

On November 17, 1999, the jury returned its responses to the special issues finding that Papa John's slogan, and its "sauce claims" and "dough claims" were false or misleading and deceptive or likely to deceive consumers.[2] The jury also determined that Papa John's "taste test" ads were not deceptive or likely to deceive consumers, and that Papa John's "ingredients claims" were not false or misleading.[3] As to Papa John's counterclaims against

---

[2]Specifically, the jury answered "Yes" to each of the following interrogatories: (1) Did you find that Papa John's "Better Ingredients. Better Pizza" slogan is false or misleading, and was a false or misleading description or representation of fact which deceived or was likely to deceive a substantial number of the consumers to whom the slogan was directed; (2) Did you find that Papa John's "sauce" claims are false or misleading, and was a false or misleading description or representation of fact which deceived or was likely to deceive a substantial number of the consumers to whom the slogan was directed; and (3) Did you find that Papa John's "dough" claims are false or misleading, and was a false or misleading description or representation of fact which deceived or was likely to deceive a substantial number of the consumers to whom the slogan was directed? Although the jury was specifically asked whether the advertisements were likely to deceive consumers, the interrogatories failed to ask whether the deception created by these advertisements was material to the consumers to which the ads were directed--that is, whether consumers actually relied on the misrepresentations in making purchasing decisions.

[3]Specifically, the jury answered "No" to the following interrogatories: (1) Did you find that Papa John's "taste test" commercials are a false or misleading description or representation of fact which deceived or was likely to deceive a substantial number of the consumers to whom the slogan was directed; and (2) Did you find that Papa John's "ingredients" claims are false or misleading? The "ingredients" ads found not to be false or

Pizza Hut, the jury found that two of the three Pizza Hut television ads at issue were false or misleading and deceptive or likely to deceive consumers.[4]

On January 3, 2000, the trial court, based upon the jury's verdict and the evidence presented by the parties in support of injunctive relief and on the issue of damages, entered a Final Judgment and issued a Memorandum Opinion and Order. The court concluded that the "Better Ingredients. Better Pizza." slogan was "consistent with the legal definition of non-actionable puffery" from its introduction in 1995 until May 1997. However, the slogan "became tainted . . . in light of the entirety of Papa John's post-May 1997 advertising." Based on this conclusion, the magistrate judge permanently enjoined Papa John's from "using any slogan in the future that constitutes a recognizable variation of the phrase "Better Ingredients. Better Pizza." or which uses the adjective "Better" to modify the terms "ingredients" and/or "pizza." Additionally, the court enjoined Papa John's from identifying Frank Carney as a co-founder of Pizza Hut, "unless such advertising includes a voice-over, printed statement or a superimposed message which states that Frank Carney has not been affiliated with Pizza

_____

misleading did not include any of the "sauce" or "dough" ads.

[4]Pizza Hut has not sought to appeal the jury's verdict regarding its advertising.

9

Hut since 1980," and enjoined the dissemination of any advertising that was produced or disseminated prior to the date of this judgment and that explicitly or implicitly states or suggested that "Papa John's component is superior to the same component of Pizza Hut's pizzas." Finally, the court enjoined Papa John's from "explicitly or implicitly claim[ing] that a component of Papa John's pizza is superior to the same component of Pizza Hut's unless the superiority claim is supported by either (1) scientifically demonstrated attributes of superiority or (2) taste test surveys." Additionally, the injunction required that if the claim is supported by taste test surveys, the advertising shall include a printed statement, voice-over or "super," whichever is appropriate, stating the localities where the tests were conducted, the inclusive dates on which the surveys were performed, and the specific pizza products that were tested. The court also awarded Pizza Hut $467,619.75 in damages for having to run corrective ads.

On January 20, 2000, Papa John's filed a notice of appeal with our court. On January 26, we granted Papa John's motion to stay the district court's injunction pending appeal.

II

We review the district court's denial of a motion for judgment as a matter of law de novo applying the same standards as the district court. See Ensley v. Cody Resources, Inc., 171 F.3d 315,

10

319 (5th Cir. 1999)(citing Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1042 (5th Cir. 1998)); Nero v. Industrial Molding Corp., 167 F.3d 921, 925 (5th Cir. 1999). In ruling on a motion for judgment as a matter of law, we will consider all of the evidence--not just the evidence that supports the non-movant's case--but in the light most favorable to the non-movant. Id. The granting of a judgment as a matter of law will be appropriate "if, after a party has been fully heard by the jury on an issue, 'there is no legally sufficient evidentiary basis for a reasonable jury to [find] for that party with respect to that issue.'" Rutherford v. Harris County, Texas, 197 F.3d 173, 179 (5th Cir. 1999)(quoting Aetna Cas. & Sur. Co., v. Pendleton Detectives of Miss., Inc., 182 F.3d 376, 377-78 (5th Cir. 1999))(emphasis added).

Thus, for purposes of this appeal, we will review the evidence, in the most favorable light to Pizza Hut, to determine if, as a matter of law, it is sufficient to support a claim of false advertising under section 43(a) of the Lanham Act.

III

A

Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125, provides in relevant part:

> Any person who . . . in commercial advertising or promotion, misrepresents the nature, characteristics, quality, or geographic origin of his or another person's goods, services, or commercial activities, shall be

11

> liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B) (West 1999). We have interpreted this section of the Lanham Act as providing "protection against a 'myriad of deceptive commercial practices,' including false advertising or promotion." Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1387 (5th Cir. 1996)(quoting Resource Developers v. Statue of Liberty-Ellis Island Found., 926 F.2d 134, 139 (2d Cir. 1991)).

A prima facie case of false advertising under section 43(a) requires the plaintiff to establish:

(1)  A false or misleading statement of fact about a product;
(2)  Such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers;
(3)  The deception is material, in that it is likely to influence the consumer's purchasing decision;
(4)  The product is in interstate commerce; and
(5)  The plaintiff has been or is likely to be injured as a result of the statement at issue.

See Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1500 (5th Cir. 1990); Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 246 (9th Cir. 1990); 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 27:24 (4th ed. 1996). The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim. Id.

B

12

The law governing false advertising claims under section 43(a) of the Lanham Act is well settled. In order to obtain monetary damages or equitable relief in the form of an injunction, "a plaintiff must demonstrate that the commercial advertisement or promotion is either literally false, or that [if the advertisement is not literally false,] it is likely to mislead and confuse consumers." Seven-Up, 86 F.3d at 1390 (citing McNeil-P.C.C., Inc. v. Bristol-Myers Squibb Co., 938 F.2d 1544, 1548-49 (2d Cir. 1991)); see also Johnson & Johnson v. Smithkline Beecham Corp., 960 F.2d 294, 298 (2d Cir. 1992).[5] If the statement is shown to be

---

[5] When construing the allegedly false or misleading statement to determine if it is actionable under section 43(a), the statement must be viewed in the light of the overall context in which it appears. See Avis, 782 F.2d at 385; Southland, 108 F.3d at 1139. "Fundamental to any task of interpretation is the principle that text must yield to context." Avis, 782 F.2d at 385. Context will often help to determine whether the statement at issue is so overblown and exaggerated that no reasonable consumer would likely rely upon it. As the court in Federal Express Corporation v. United States Postal Services, 40 F.Supp. 2d 943 (W.D. Tenn. 1999), noted:

> On its face, [the statement at issue] does not seem to be the type of vague, general exaggeration which no reasonable person would rely upon in making a purchasing decision. Nevertheless, the determination of whether an advertising statement should be deemed puffery is driven by the context in which the statement is made. Where the context of an advertising statement may lend greater specificity to an otherwise vague representation, the court should not succumb to the temptation to hastily rule a phrase to be unactionable under the Lanham Act.

Id. at 956.

misleading, the plaintiff must also introduce evidence of the statement's impact on consumers, referred to as materiality. American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc., 185 F.3d 606, 614 (6th Cir. 1999).

(1)

(a)

Essential to any claim under section 43(a) of the Lanham Act is a determination of whether the challenged statement is one of fact--actionable under section 43(a)--or one of general opinion-- not actionable under section 43(a). Bald assertions of superiority or general statements of opinion cannot form the basis of Lanham Act liability. See Presidio Enters., Inc. v. Warner Bros. Distrib. Corp., 784 F.2d 674, 685 (5th Cir. 1986); Groden v. Random House, Inc., 61 F.3d 1045, 1051 (2d Cir. 1995)(citing Restatement (Third) of Unfair Competition § 3 (1993)). Rather the statements at issue must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999); see also American Council, 185 F.3d at 614(stating that "a Lanham Act claim must be based upon a statement of fact, not of opinion"). As noted by our court in Presidio: "[A] statement of fact is one that (1) admits

14

of being adjudged true or false in a way that (2) admits of empirical verification." Presidio, 784 F.2d at 679; see also Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997)(stating that in order to constitute a statement of fact, a statement must make "a specific and measurable advertisement claim of product superiority").

(b)

One form of non-actionable statements of general opinion under section 43(a) of the Lanham Act has been referred to as "puffery." Puffery has been discussed at some length by other circuits. The Third Circuit has described "puffing" as "advertising that is not deceptive for no one would rely on its exaggerated claims." U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914 (3d Cir. 1990). Similarly, the Ninth Circuit has defined "puffing" as "exaggerated advertising, blustering and boasting upon which no reasonable buyer would rely and is not actionable under 43(a)." Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1145 (9th Cir. 1997) (quoting 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §27.04[4][d] (3d ed. 1994)); see also Cook, 911 F.2d at 246 (stating that "[p]uffing has been described by most courts as involving outrageous generalized

15

statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers").[6]

These definitions of puffery are consistent with the definitions provided by the leading commentaries in trademark law. A leading authority on unfair competition has defined "puffery" as an "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely," or "a general claim of superiority over a comparative product that is so vague, it would be understood as a mere expression of opinion."  4 J. Thomas McCarthy, McCarthy on Trademark and Unfair Competition § 27.38 (4th ed. 1996).[7] Similarly, Prosser and Keeton on Torts defines "puffing" as "a seller's privilege to lie his head off, so long as he says nothing specific, on the theory that no reasonable man would believe him, or that no reasonable man would be influenced by such talk."

---

[6]In the same vein, the Second Circuit has observed that "statements of opinion are generally not the basis for Lanham Act liability." Groden v. Random House, 61 F.3d 1045, 1051 (2d Cir. 1995). When a statement is "obviously a statement of opinion," it cannot "reasonably be seen as stating or implying provable facts." Id. "The Lanham Act does not prohibit false statements generally. It prohibits only false or misleading description or false or misleading representations of fact made about one's own or another's goods or services." Id. at 1052.

[7]McCarty on Trademarks goes on to state:  "[V]ague advertising claims that one's product is 'better' than that of competitors' can be dismissed as mere puffing that is not actionable as false advertising."  4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:38 (4th ed. 1997).

W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 109, at 757 (5th ed. 1984).

Drawing guidance from the writings of our sister circuits and the leading commentators, we think that non-actionable "puffery" comes in at least two possible forms: (1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion.

(2)

(a)

With respect to materiality, when the statements of fact at issue are shown to be literally false, the plaintiff need not introduce evidence on the issue of the impact the statements had on consumers. See Castrol, Inc. v. Quaker State Corp., 977 F.2d 57, 62 (2d Cir. 1992); Avila v. Rubin, 84 F.3d 222, 227 (7th Cir. 1996). In such a circumstance, the court will assume that the statements actually misled consumers. See American Council, 185 F.3d at 614; Johnson & Johnson, Inc. v. GAC Int'l, Inc., 862 F.2d 975, 977 (2d Cir. 1988); U-Haul Inter'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1040 (9th Cir. 1986). On the other hand, if the statements at issue are either ambiguous or true but misleading, the plaintiff must present evidence of actual deception. See

17

American Council, 185 F.3d at 616; Smithkline, 960 F.2d at 297 (stating that when a "plaintiff's theory of recovery is premised upon a claim of implied falsehood, a plaintiff must demonstrate, by extrinsic evidence, that the challenged commercials tend to mislead or confuse"); Avila, 84 F.3d at 227. The plaintiff may not rely on the judge or the jury to determine, "based solely upon his or her own intuitive reaction, whether the advertisement is deceptive." Smithkline, 960 F.2d at 297. Instead, proof of actual deception requires proof that "consumers were actually deceived by the defendant's ambiguous or true-but-misleading statements." American Council, 185 F.3d at 616; see also Avis Rent A Car Sys., Inc. v. Hertz Corp., 782 F.2d 381, 386 (2d Cir. 1986)(stating that the plaintiff's claim fails due to its failure to introduce evidence establishing that the public was actually deceived by the statements at issue).

(b)

The type of evidence needed to prove materiality also varies depending on what type of recovery the plaintiff seeks. Plaintiffs looking to recover monetary damages for false or misleading advertising that is not literally false must prove actual deception. See Balance Dynamics Corp. v. Schmitt Ind., 204 F.3d 683, 690 (6th Cir. 2000); Resource Developers, 926 F.2d at 139. Plaintiffs attempting to prove actual deception have to produce

18

evidence of actual consumer reaction to the challenged advertising or surveys showing that a substantial number of consumers were actually misled by the advertisements.  See, e.g., PPX Enters., Inc. v. Autofidelity Enters., Inc., 818 F.2d 266, 271 (2d Cir. 1987) ("Actual consumer confusion often is demonstrated through the use of direct evidence, e.g., testimony from members of the buying public, as well as through circumstantial evidence, e.g., consumer surveys or consumer reaction tests.").

Plaintiffs seeking injunctive relief must prove that defendant's representations "have a tendency to deceive consumers." Balance Dynamics, 204 F.3d 683 at 690. See also Resource Developers, 926 F.2d at 139; Blue Dane Simmental Corp. v. American Simmental Assoc., 178 F.3d 1035, 1042-43 (8th Cir. 1999); Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980); 4 McCarty on Trademark and Unfair Competition § 27:36 (4th ed.).  Although this standard requires less proof than actual deception, plaintiffs must still produce evidence that the advertisement tends to deceive consumers.  See Coca-Cola Co. v. Tropicana Prod., Inc., 690 F.2d 312, 317 (2d Cir. 1982) (noting that when seeking a preliminary injunction barring an advertisement that is implicitly false, "its tendency to violate the Lanham Act by misleading, confusing or deceiving should be tested by public reaction").  To prove a tendency to deceive, plaintiffs need to

show that at least some consumers were confused by the advertisements. See, e.g., American Council, 185 F.3d at 618 ("Although plaintiff need not present consumer surveys or testimony demonstrating actual deception, it must present evidence of some sort demonstrating that consumers were misled.")

IV

We turn now to consider the case before us. Reduced to its essence, the question is whether the evidence, viewed in the most favorable light to Pizza Hut, established that Papa John's slogan "Better Ingredients. Better Pizza." is misleading and violative of section 43(a) of the Lanham Act. In making this determination, we will first consider the slogan "Better Ingredients. Better Pizza." standing alone to determine if it is a statement of fact capable of deceiving a substantial segment of the consuming public to which it was directed. Second, we will determine whether the evidence supports the district court's conclusion that after May 1997, the slogan was tainted, and therefore actionable, as a result of its use in a series of ads comparing specific ingredients used by Papa John's with the ingredients used by its "competitors."

A

The jury concluded that the slogan itself was a "false or misleading" statement of fact, and the district court enjoined its further use. Papa John's argues, however, that this statement

20

"quite simply is not a statement of fact, [but] rather, a statement of belief or opinion, and an argumentative one at that."  Papa John's asserts that because "a statement of fact is either true or false, it is susceptible to being proved or disproved.  A statement of opinion or belief, on the other hand, conveys the speaker's state of mind, and even though it may be used to attempt to persuade the listener, it is a subjective communication that may be accepted or rejected, but not proven true or false."  Papa John's contends that its slogan "Better Ingredients.  Better Pizza." falls into the latter category, and because the phrases "better ingredients" and "better pizza" are not subject to quantifiable measures, the slogan is non-actionable puffery.

We will therefore consider whether the slogan standing alone constitutes a statement of fact under the Lanham Act.  Bisecting the slogan "Better Ingredients.  Better Pizza.," it is clear that the assertion by Papa John's that it makes a "Better Pizza." is a general statement of opinion regarding the superiority of its product over all others.  This simple statement, "Better Pizza.," epitomizes the exaggerated advertising, blustering, and boasting by a manufacturer upon which no consumer would reasonably rely.  See, e.g., In re Boston Beer Co., 198 F.3d 1370, 1372 (Fed. Cir. 1999)(stating that the phrase "The Best Beer in America" was "trade puffery" and that such a general claim of superiority "should be

21

freely available to all competitors in any given field to refer to their products or services"); <u>Atari Corp v. 3DO Co.</u>, 1994 WL 723601, *2 (N.D. Cal. 1994)(stating that a manufacturer's slogan that its product was "the most advanced home gaming system in the universe" was non-actionable puffery); <u>Nikkal Indus., Ltd. v. Salton, Inc.</u>, 735 F. Supp. 1227, 1234 n.3 (S.D.N.Y. 1990)(stating that a manufacturers claim that its ice cream maker was "better" than competition ice cream makers is non-actionable puffery). Consequently, it appears indisputable that Papa John's assertion "Better Pizza." is non-actionable puffery.[8]

Moving next to consider separately the phrase "Better Ingredients.," the same conclusion holds true. Like "Better Pizza.," it is typical puffery. The word "better," when used in this context is unquantifiable. What makes one food ingredient "better" than another comparable ingredient, without further description, is wholly a matter of individual taste or preference not subject to scientific quantification. Indeed, it is difficult to think of any product, or any component of any product, to which

---

[8]It should be noted that Pizza Hut uses the slogan "The Best Pizza Under One Roof." Similarly, other nationwide pizza chains employ slogans touting their pizza as the "best": (1) Domino's Pizza uses the slogan "Nobody Delivers Better."; (2) Danato's uses the slogan "Best Pizza on the Block."; (3) Mr. Gatti's uses the slogan "Best Pizza in Town: Honest!; and (4) Pizza Inn uses the slogans "Best Pizza Ever." and "The Best Tasting Pizza."

the term "better," without more, is quantifiable.  As our court

stated in <u>Presidio</u>:

> The law recognizes that a vendor is allowed some latitude
> in claiming merits of his wares by way of an opinion
> rather than an absolute guarantee, so long as he hews to
> the line of rectitude in matters of fact.  Opinions are
> not only the lifestyle of democracy, they are the brag in
> advertising that has made for the wide dissemination of
> products that otherwise would never have reached the
> households of our citizens.   If we were to accept the
> thesis set forth by the appellees, [that all statements
> by advertisers were statements of fact actionable under
> the Lanham Act,] the advertising industry would have to
> be liquidated in short order.

<u>Presidio</u>, 784 F.2d at 685.  Thus, it is equally clear that Papa

John's assertion that it uses "Better Ingredients." is one of

opinion not actionable under the Lanham Act.

Finally, turning to the combination of the two non-actionable

phrases as the slogan "Better Ingredients. Better Pizza.," we fail

to see how the mere joining of these two statements of opinion

could create an actionable statement of fact.  Each half of the

slogan amounts to little more than an exaggerated opinion of

superiority that no consumer would be justified in relying upon.

It has not been explained convincingly to us how the combination of

the two phrases, without more, changes the essential nature of each

phrase so as to make it actionable.  We assume that "Better

Ingredients." modifies "Better Pizza." and consequently gives some

expanded meaning to the phrase "Better Pizza," i.e., our pizza is

23

better because our ingredients are better. Nevertheless, the phrase fails to give "Better Pizza." any more quantifiable meaning. Stated differently, the adjective that continues to describe "pizza" is "better," a term that remains unquantifiable, especially when applied to the sense of taste. Consequently, the slogan as a whole is a statement of non-actionable opinion. Thus, there is no legally sufficient basis to support the jury's finding that the slogan standing alone is a "false or misleading" statement of fact.

We next will consider whether the use of the slogan "Better Ingredients. Better Pizza." in connection with a series of comparative ads found by the jury to be misleading--specifically, ads comparing Papa John's sauce and dough with the sauce and dough of its competitors--"tainted" the statement of opinion and made it misleading under section 43(a) of the Lanham Act. Before reaching the ultimate question of whether the slogan is actionable under the Lanham Act, we will first examine the sufficiency of the evidence supporting the jury's conclusion that the comparison ads were misleading.

### (1)

After the jury returned its verdict, Papa John's filed a post-verdict motion under Federal Rule of Civil Procedure 50 for a judgment as a matter of law. In denying Papa John's motion, the district court, while apparently recognizing that the slogan "Better Ingredients. Better Pizza." standing alone is non-actionable puffery under the Lanham Act, concluded that after May 1997, the slogan was transformed as a result of its use in connection with a series of ads that the jury found misleading. These ads had compared specific ingredients used by Papa John's

with the ingredients used by its competitors.[9]  In essence, the district court held that the comparison ads in which the slogan appeared as the tag line gave objective, quantifiable, and fact-specific meaning to the slogan.  Consequently, the court concluded that the slogan was misleading and actionable under section 43(a) of the Lanham Act and enjoined its further use.

(2)

We are obligated to accept the findings of the jury unless the facts point so overwhelmingly in favor of one party that no reasonable person could arrive at a different conclusion.  See Scottish Heritable Trust v. Peat Marwick Main & Co., 81 F.3d 606, 610 (5th Cir. 1996).  In examining the record evidence, we must

---

[9]In its memorandum opinion addressing Papa John's post-verdict Rule 50 motion, the court stated:

> Although Papa John's started in May 1995 with a slogan which was essentially ambiguous and self-laudatory, consistent with the legal definition of non-actionable puffery, Papa John's deliberately and intentionally exploited its slogan as a centerpiece of its subsequent advertising campaign after May 1997 which falsely portrayed Papa Johns's tomato sauce and pizza dough as being superior to the sauce and dough components used in Pizza Hut's pizza products.  When the "Better Ingredients.  Better Pizza." slogan is considered in light of the entirety of Papa John's post-May 1997 advertising which violated the provisions of the Lanham Act and in the context in which it was juxtaposed with the false and misleading statements contained in Papa John's print and broadcast media advertising, the slogan itself became tainted to the extent that its continued use should be enjoined.

view it the way that is most favorable to upholding the verdict. See <u>Hiltgen v. Sumrall</u>, 47 F.3d 695, 700 (5th Cir. 1995). Viewed in this light, it is clear that there is sufficient evidence to support the jury's conclusion that the sauce and dough ads were misleading statements of fact actionable under the Lanham Act.

Turning first to the sauce ads, the evidence establishes that despite the differences in the methods used to produce their competing sauces: (1) the primary ingredient in both Pizza Hut and Papa John's sauce is vine-ripened tomatoes; (2) at the point that the competing sauces are placed on the pizza, just prior to putting the pies into the oven for cooking, the consistency and water content of the sauces are essentially identical; and (3) as noted by the district court, at no time "prior to the close of the liability phase of trial was any credible evidence presented [by Papa John's] to demonstrate the existence of demonstrable differences" in the competing sauces. Consequently, the district court was correct in concluding that: "Without any scientific support or properly conducted taste preference test, by the written and/or oral negative connotations conveyed that pizza made from tomato paste concentrate is inferior to the 'fresh pack' method used by Papa John's, its sauce advertisements conveyed an impression which is misleading. . . ." Turning our focus to the dough ads, while the evidence clearly established that Papa John's

27

and Pizza Hut employ different methods in making their pizza dough, again, the evidence established that there is no quantifiable difference between pizza dough produced through the "cold or slow-fermentation method" (used by Papa John's), or the "frozen dough method" (used by Pizza Hut).[10] Further, although there is some evidence indicating that the texture of the dough used by Papa John's and Pizza Hut is slightly different, this difference is not related to the manufacturing process used to produce the dough. Instead, it is due to a difference in the wheat used to make the dough. Finally, with respect to the differences in the pizza dough resulting from the use of filtered water as opposed to tap water, the evidence was sufficient for the jury to conclude that there is no quantifiable difference between dough produced with tap water, as opposed to dough produced with filtered water.

We should note again that Pizza Hut does not contest the truthfulness of the underlying factual assertions made by Papa John's in the course of the sauce and dough ads. Pizza Hut concedes that it uses "remanufactured" tomato sauce to make its pizza sauce, while Papa John's uses "fresh-pack." Further, in regard to the dough, Pizza Hut concedes the truth of the assertion

---

[10]The testimony of Pizza Hut's expert, Dr. Faubion, established that although consumers stated a preference for fresh dough rather than frozen dough, when taste tests were conducted, respondents were unable to distinguish between pizza made on fresh as opposed to frozen dough.

that it uses tap water in making its pizza dough, which is often frozen, while Papa John's uses filtered water to make its dough, which is fresh--never frozen.  Consequently, because Pizza Hut does not contest the factual basis of Papa John's factual assertions, such assertions cannot be found to be factually false, but only impliedly false or misleading.

Thus, we conclude by saying that although the ads were true about the ingredients Papa John's used, it is clear that there was sufficient evidence in the record to support the jury's conclusion that Papa John's sauce and dough ads were misleading--but not false--in their suggestion that Papa John's ingredients were superior.

(3)

Thus, having concluded that the record supports a finding that the sauce and dough ads are misleading statements of fact, we must now determine whether the district court was correct in concluding that the use of the slogan "Better Ingredients.  Better Pizza." in conjunction with these misleading ads gave quantifiable meaning to the slogan making a general statement of opinion misleading within the meaning of the Lanham Act.

In support of the district court's conclusion that the slogan was transformed, Pizza Hut argues that "in construing any advertising statement, the statement must be considered in the

overall context in which it appears." Building on the foundation of this basic legal principle, see Avis, 782 F.2d at 385, Pizza Hut argues that "[t]he context in which Papa John's slogan must be viewed is the 2 ½ year campaign during which its advertising served as 'chapters' to demonstrate the truth of the 'Better Ingredients. Better Pizza.' book." Pizza Hut argues, that because Papa John's gave consumers specific facts supporting its assertion that its sauce and dough are "better"--specific facts that the evidence, when viewed in the light most favorable to the verdict, are irrelevant in making a better pizza--Papa John's statement of opinion that it made a "Better Pizza" became misleading. In essence, Pizza Hut argues, that by using the slogan "Better Ingredients. Better Pizza." in combination with the ads comparing Papa John's sauce and dough with the sauce and dough of its competitions, Papa John's gave quantifiable meaning to the word "Better" rendering it actionable under section 43(a) of the Lanham Act.

We agree that the message communicated by the slogan "Better Ingredients. Better Pizza." is expanded and given additional meaning when it is used as the tag line in the misleading sauce and dough ads. The slogan, when used in combination with the comparison ads, gives consumers two fact-specific reasons why Papa John's ingredients are "better." Consequently, a reasonable

consumer would understand the slogan, <u>when considered in the context of the comparison ads</u>, as conveying the following message: Papa John's uses "better ingredients," which produces a "better pizza" because Papa John's uses "fresh-pack" tomatoes, fresh dough, and filtered water.  In short, Papa John's has given definition to the word "better."  Thus, when the slogan is used in this context, it is no longer mere opinion, but rather takes on the characteristics of a statement of fact.  When used in the context of the sauce and dough ads, the slogan is misleading for the same reasons we have earlier discussed in connection with the sauce and dough ads.[11]

---

[11]The judgment of the district court enjoining the future use by Papa John's of the slogan "Better Ingredients.  Better Pizza." did not simply bar Papa John's use of the slogan in future ads comparing its sauce and dough with that of its competitors.  Rather, the injunction permanently enjoined any future use of the slogan "in association with the sale, promotion and/or identification of pizza products sold under the Papa John's name."  Further, the injunction precluded Papa John's from using the "adjective 'better' to modify the terms 'ingredients' and/or 'pizza.'"  While it is clear that the jury did not make any finding to support such a broad injunction, and Pizza Hut offered no survey evidence indicating how potential consumers viewed the slogan, the district court concluded that the evidence established that

> Papa John's deliberately and intentionally exploited its slogan as a centerpiece of its subsequent advertising campaign after May 1997 which falsely portrayed Papa John's tomato sauce and pizza dough as being superior to the sauce and dough components used in Pizza Hut's products. . . . [Thus,] the slogan itself became tainted to the extent that its continued use should be enjoined.

Our review of the record convinces us that there is simply no

Concluding that when the slogan was used as the tag line in the sauce and dough ads it became misleading, we must now determine whether reasonable consumers would have a tendency to rely on this misleading statement of fact in making their purchasing decisions. We conclude that Pizza Hut has failed to adduce evidence establishing that the misleading statement of fact conveyed by the ads and the slogan was material to the consumers to which the slogan was directed. Consequently, because such evidence of materiality is necessary to establish liability under the Lanham

---

evidence to support the district court's conclusion that the slogan was irreparably tainted as a result of its use in the misleading comparison sauce and dough ads. At issue in this case were some 249 print ads and 29 television commercials. After a thorough review of the record, we liberally construe eight print ads to be sauce ads, six print ads to be dough ads, and six print ads to be both sauce and dough ads. Further, we liberally construe nine television commercials to be sauce ads and two television commercials to be dough ads. Consequently, out of a total of 278 print and television ads, the slogan appeared in only 31 ads that could be liberally construed to be misleading sauce or dough ads.

We find simply no evidence, survey or otherwise, to support the district court's conclusion that the advertisements that the jury found misleading--ads that constituted only a small fraction of Papa John's use of the slogan--somehow had become encoded in the minds of consumers such that the mention of the slogan reflectively brought to mind the misleading statements conveyed by the sauce and dough ads. Thus, based on the record before us, Pizza Hut has failed to offer sufficient evidence to support the district court's conclusion that the slogan had become forever "tainted" by its use as the tag line in the handful of misleading comparison ads.

Act, the district court erred in denying Papa John's motion for judgment as a matter of law.

As previously discussed, none of the underlying facts supporting Papa John's claims of ingredient superiority made in connection with the slogan were literally false. Consequently, in order to satisfy its prima facie case, Pizza Hut was required to submit evidence establishing that the impliedly false or misleading statements were material to, that is, they had a tendency to influence the purchasing decisions of, the consumers to which they were directed.[12] See American Council, 185 F.3d at 614 (stating that "a plaintiff relying upon statements that are literally true yet misleading cannot obtain relief by arguing how consumers could react; it must show how consumers actually do react"); Smithkline, 960 F.2d at 298; Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3d Cir. 1990); Avis, 782 F.2d at 386; see also 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 27:35 (4th ed. 1997)(stating that the "[p]laintiff must make some showing that the defendant's misrepresentation was 'material' in the sense that it would have some effect on

---

[12]Since Pizza Hut sought only equitable relief and no monetary damages, it was required to offer evidence sufficient to establish that the claims made by Papa John's had the "tendency to deceive consumers," rather than evidence indicating that the claims made by Papa John's actually deceived consumers. American Council, 185 F.3d at 606; see also Balance Dynamics, 204 F.3d at 690 (emphasis added).

33

consumers' purchasing decision").[13]  We conclude that the evidence proffered by Pizza Hut fails to make an adequate showing.

In its appellate brief and during the course of oral argument, Pizza Hut directs our attention to three items of evidence in the record that it asserts establishes materiality to consumers. First, Pizza Hut points to the results of a survey conducted by an "independent expert" (Dr. Dupont) regarding the use of the slogan "Better Ingredients.  Better Pizza." as written on Papa John's pizza box (the box survey).  The results of the box survey,

---

[13]In <u>Johnson & Johnson v. Smithkline Beecham Corp.</u>, 960 F.2d 294 (2d Cir. 1992), the Second Circuit discussed this requirement in some detail:

> Where, as here, a plaintiff's theory of recovery is premised upon a claim of implied falsehood, a plaintiff must demonstrate, by extrinsic evidence, that the challenged commercials tend to mislead or confuse consumers.  It is not for the judge to determine, based solely upon his or her own intuitive reaction whether the advertisement is deceptive.  Rather, as we have reiterated in the past, 'the question in such cases is-- what does the person to whom the advertisement is addressed find to be the message?'  That is, what does the public perceive the message to be.
>     The answer to this question is pivotal because, where the advertisement is literally true, it is often the only measure by which a court can determine whether a commercial's net communicative effect is misleading. Thus, the success of a plaintiff's implied falsity claim usually turns on the persuasiveness of a consumer survey.

<u>Id.</u>  at 287-98.

however, were excluded by the district court.[14]  Consequently, these survey results provide no basis for the jury's finding.

Second, Pizza Hut points to two additional surveys conducted by Dr. Dupont that attempted to measure consumer perception of Papa John's "taste test" ads.  This survey evidence, however, fails to address Pizza Hut's claim of materiality with respect to the slogan.  Moreover, the jury rejected Pizza Hut's claims of deception with regard to Papa John's "taste test" ads--the very ads at issue in these surveys.

Finally, Pizza Hut attempts to rely on Papa John's own tracking studies and on the alleged subjective intent of Papa John's executives "to create a perception that Papa John's in fact uses better ingredients" to demonstrate materiality.  Although Papa John's 1998 Awareness, Usage & Attitude Tracking Study showed that 48% of the respondents believe that "Papa John's has better ingredients than other national pizza chains," the study failed to indicate whether the conclusions resulted from the advertisements at issue, or from personal eating experiences, or from a combination of both.  Consequently, the results of this study are not reliable or probative to test whether the slogan was material.  Further, Pizza Hut provides no precedent, and we are aware of none,

---

[14]Pizza Hut has not sought review on appeal of the district court's ruling that the results of the box survey were inadmissible.

35

that stands for the proposition that the subjective intent of the defendant's corporate executives to convey a particular message is evidence of the fact that consumers in fact relied on the message to make their purchases. Thus, this evidence does not address the ultimate issue of materiality.

In short, Pizza Hut has failed to offer probative evidence on whether the misleading facts conveyed by Papa John's through its slogan were material to consumers: that is to say, there is no evidence demonstrating that the slogan had the tendency to deceive consumers so as to affect their purchasing decisions. See American Council, 185 F.3d at 614; Blue Dane, 178 F.3d at 1042-43; Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 228-29 (3d Cir. 1990). Thus, the district court erred in denying Papa John's motion for judgment as a matter of law.[15]

---

[15]It is unnecessary to reach the issue of whether the district court committed reversible error when it refused to submit Papa John's proposed special jury interrogatories on the essential Lanham Act elements of materiality and injury. See supra note 2. However, given our clear precedent that once a case is submitted to the jury via special interrogatories, "the judge must submit all material issues raised by the pleadings and the evidence," the correctness of the district court's refusal to submit instructions on these two essential issues is doubtful. Simien v. S.S. Kresge Co., 566 F.2d 551, (5th Cir. 1978); see also Huddleston v. Herman & MacLean, 640 F.2d 534 (5th Cir. 1981), aff'd in part and rev'd in part on other grounds, 459 U.S. 375 (1983); Nance v. Gulf Oil Corp., 817 F.2d 1176, 1180-81 (5th Cir. 1987); 9A Wright and Miller, Federal Practice and Procedure § 2506 173-79 (1995)(stating that "all material factual issues should be covered by the questions submitted to enable a verdict to be rendered on the entire dispute on the basis of the jury's response").

V

In sum, we hold that the slogan "Better Ingredients. Better Pizza." standing alone is not an objectifiable statement of fact upon which consumers would be justified in relying. Thus, it does not constitute a false or misleading statement of fact actionable under section 43(a) of the Lanham Act.

Additionally, while the slogan, when appearing in the context of some of the post-May 1997 comparative advertising--specifically, the sauce and dough campaigns--was given objectifiable meaning and thus became misleading and actionable, Pizza Hut has failed to adduce sufficient evidence establishing that the misleading facts conveyed by the slogan were material to the consumers to which it was directed. Thus, Pizza Hut failed to produce evidence of a Lanham Act violation, and the district court erred in denying Papa John's motion for judgment as a matter of law.

Therefore, the judgment of the district court denying Papa John's motion for judgment as a matter of law is REVERSED; the final judgment of the district court is VACATED; and the case is REMANDED for entry of judgment for Papa John's.

---

Additionally, we note that the district court erred in requiring Papa John's to modify the Carney ads and the taste test ads. The Carney ads were removed from the jury's consideration by Pizza Hut, and the jury expressly concluded that the taste test ads were not actionable under section 43(a) of the Lanham Act. Thus, the district court, lacking the necessary factual predicate, abused its discretion in ordering Papa John's to modify these ads.

37

REVERSED, VACATED, and
REMANDED with instructions.