MELLOY, Circuit Judge,
concurring in part and dissenting in part.
I am pleased to concur in section I of the majority opinion. However, I respectfully dissent from sections II and III.
I do not believe that the trial judge, who wrote a very thorough opinion in this case, committed any judicial fact finding errors when he concluded that the terms “odor eliminating” and “reactivation” are literally false.
I agree with the majority that the message conveyed must be analyzed within its full context and that the Lanham Act proscribes only messages that are both false and misleading. However, in finding that the “odor eliminating” and “reactivation” claims are not literally false because not many hunters would be “so scientifically unsophisticated as to believe that any product can ‘eliminate’ every molecule of human odor,” the majority’s opinion substitutes this court’s judgment for the evidence in the record (i.e., the statements in the Plaintiffs’ affidavits) that the Plaintiffs themselves were misled. It is true that only a very credulous consumer would believe such a claim, but the claim itself is, in fact, false. It is unwise to decide that just because the judges on the panel would not be deceived, it is therefore impossible that any reasonable consumer would be deceived. This is especially the case because the claims are scientific. I fear that the majority opinion sets up a slippery slope for future false advertising claims brought by consumers, especially as consumer products become ever more hi-tech and complex.
The majority essentially finds that “odor eliminating” and “reactivation” are nonac *1188 tionable puffery, but allows that some other claims — such as works on “100% of your scent 100% of the time,” renders the wearer “completely scent-free,” and “create[s] an impervious shield to odor” — might go beyond puffery.
The majority’s conclusion that the “odor eliminating” and “reactivation” claims are merely “puffery” does not square with this court’s definition of puffery:
Puffery exists in two general forms: (1) exaggerated statements of bluster or boast upon which no reasonable consumer would rely; and (2) vague or highly subjective claims of product superiority, including bald assertions of superiority. Juxtaposed to puffery is a factual claim. A factual claim is a statement that (1) admits of being adjudged true or false in a way that (2) admits of empirical verification. To be actionable, the statement must be a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.... Puffery and statements of fact are mutually exclusive. If a statement is a specific, measurable claim or can be reasonably interpreted as being a factual claim, ie., one capable of verification, the statement is one of fact. Conversely, if the statement is not specific and measurable, and cannot be reasonably interpreted as providing a benchmark by which the veracity of the statement can be ascertained, the statement constitutes puffery. Defining puffery broadly provides advertisers and manufacturers considerable leeway to craft their statements, allowing the free market to hold advertisers and manufacturers accountable for their statements, ensuring vigorous competition, and protecting legitimate commercial speech.
Am. Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 390-91 (8th Cir.2004) (emphasis added) (internal quotation marks and citations omitted). It seems to me that the “odor eliminating” claim is “a specific, measurable claim ... capable of verification.” Therefore, it is a statement of fact, and, consequently, not puffery.
Finally, I question the need to reach the issues addressed in section II and referenced in section III. Having found in section I that the entry of an injunction in this case was error, I believe we should do no more than remand for further proceedings.