**NUTRITION & FITNESS, INC., Plaintiff,**

v.

**MARK NUTRITIONALS, INC., Defendant and Counterclaimant.**

No. 1:01CV00924.

United States District Court, M.D. North Carolina.

March 25, 2002.

Charles A. Burke, David H. Read, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, for Plaintiff.

George L. Little, Jr., Kilpatrick Stockton, L.L.P., William M. Bryner, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, Allen J. Baden, Susan A. Smith, Kenyon & Kenyon, San Jose, CA, William Maxie Davis, Jr., Office of Public Defender, Charlotte, NC, George L. Little, Jr., William M. Bryner, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, Allen J. Baden, Susan A. Smith, Kenyon & Kenyon, San Jose, CA, for Defendant and Counter–claimant.

## MEMORANDUM OPINION & ORDER

BEATY, District Judge.

This case comes before the Court on Plaintiff Nutrition & Fitness, Inc.'s[1] ("NFI") Motion to Dismiss Defendant Mark Nutritionals, Inc.'s ("MNI") Counterclaim for False Advertising [Document # 5]. Although Defendant's Answer and Counterclaim [Document # 3] asserts six causes of action, Plaintiff requests dismissal pursuant to Rule 12(b)(6) only as to Defendant's Count Two, which alleges a claim of false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a). The Court also has before it Plaintiff's Motion to Continue Setting of Initial Pretrial Conference [Document # 12].

Both Defendant and Plaintiff are corporations in the business of manufacturing and selling dietary and nutritional supplements. Defendant's claim of false advertising involves a line of dietary and nutritional supplements that it has sold since 1991 under the registered trademark "Body Solutions." Plaintiff manufactures a similar line of products, under the designations of "Diet Solutions," "Energy Solutions," "Fat Solutions," and "Joint Solutions" ("NFI Solutions"). According to Defendant's Counterclaim, several of these products, including but not limited to the Fat Solutions products, include on their labels the statement "Compare to Body Solutions," with the statement using the Body Solutions mark, trade dress and logo. Defendant asserts that this statement is false and misleading. As a result of this conduct, Defendant brings suit under 15 U.S.C. § 1125, which allows a civil action against a company who, in connection with goods in commerce, makes a false or misleading description or representation of fact in commercial advertising or promotion that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(b).

Plaintiff requests that the Court dismiss Defendant's false advertising claim on the grounds that Defendant has failed to adequately state a claim as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). Plaintiff presents two

---

1. Although this lawsuit was initially brought by NFI under the name "Nutrition & Fitness IMG, Inc.", NFI changed its name to "Nutrition and Fitness, Inc.". The Court has previously issued an Order [Document # 11] granting NFI's Motion [Document # 10] to amend the docket, captions, and pleadings of this case in order to reflect NFI's name change.

alternative arguments as to why Defendant's allegations do not establish a claim.

■ First, Plaintiff asserts that Defendant has not pleaded its claim with sufficient particularity. To establish a claim under 15 U.S.C. 1125, a plaintiff must allege:

(1) a false or misleading description of fact or representation of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false or misleading statement.

*Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.,* 228 F.3d 24 (1st Cir. 2000); *Southland Sod Farms v. Stover Seed Co.,* 108 F.3d 1134, 1139 (9th Cir. 1997). In general, a complaint or counterclaim only must meet the liberal standards of notice pleading, as established in Rule 8. Fed.R.Civ.P. Rule 8. However, Plaintiff asserts that the first element of a false advertising claim, the false or misleading description, is either subject to Rule 9(b), which requires that circumstances constituting fraud must be pleaded with particularity, or is otherwise required to meet a heightened degree of specificity. Fed. R.Civ.P. Rule 9; Pl.'s Brief Supp. Pl.'s Mot. to Dismiss Counterclaim at 3.

■ Initially, the Court notes that the Fourth Circuit has not yet ruled that claims filed pursuant to 15 U.S.C. § 1125 satisfy Rule 9(b) or otherwise meet heightened pleading requirements. Indeed, although Plaintiff relies on several district court cases that do require that false advertising claims be pleaded with particu-

larity, Plaintiff has not brought to the Court's attention any federal appellate court that has instituted such a requirement. *See, e.g., Sanderson v. Brugman,* 2001 WL 699876 (S.D.Ind.2001) (holding that a claim under 15 U.S.C. § 1125(a) is a claim of fraud that is therefore subject to Rule 9(b)); *Barr Labs., Inc. v. Quantum Pharmics, Inc.,* 827 F.Supp. 111, 118 (E.D.N.Y.1993) ("even if Rule 9(b) is not applicable, [plaintiff] is required to state generally the content of the alleged misrepresentations."). However, even if a false advertising claim under the Lanham Act must be plead with particularity, the Court is satisfied that Defendant has satisfactorily met this requirement. The circumstances of a claim are detailed with sufficient particularity to satisfy Rule 9 when the claim identifies "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776 (4th Cir.1999). Comparing this standard with Defendant's Answer and Counterclaim, the Court notes that Defendant has alleged that the phrase "Compare to Body Solutions," currently included on the labels of the NFI Solutions line of products, confuses consumers by suggesting that NFI's products are identical, substantially similar, or equally efficacious, as well as suggesting to the consumers that there is an affiliation or agreement between Defendant's Body Solutions products and Plaintiff's products. Defendant further asserts that these statements are false, cannot be substantiated, and that in fact Plaintiff's products use lower quality ingredients, undergo inferior product testing, and use inferior or unproven active ingredients. In light of these assertions, the Court finds that Defendant has stated its claim with sufficient particularity to satisfy both the

general pleading requirements of Rule 8 and the particularity requirement of Rule 9(b).

Notwithstanding the Court's decision as noted above, Plaintiff presents, in the alternative, a second argument for the dismissal of Defendant's false advertising claim. Plaintiff further argues that Defendant's allegations, even if they do provide sufficient detail, cannot state a violation of 15 U.S.C. § 1125. Specifically, Plaintiff maintains that the statement "Compare to Body Solutions" on NFI Solutions products does not qualify as the type of false or misleading description or representation of fact required for a false advertising cause of action pursuant to 15 U.S.C. § 1125.

▪ In order to form the base of a false advertising claim, the offending statement must be "either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1138 (4th Cir.1993), *cert. denied*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); *see also Coastal Abstract Servs., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir.1999). Accordingly, "bald assertions of superiority or general statements of opinion" do not result in a violation of 15 U.S.C. § 1125(a). *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496 (5th Cir.2000), *cert. denied*, 532 U.S. 920, 121 S.Ct. 1355, 149 L.Ed.2d 285 (2001). Similarly, statements that are "exaggerated advertising, blustering and boasting upon which no reasonable buyer would rely" are more properly considered "puffery" and are not actionable under the Lanham Act's false advertising provision. *Southland Sod Farms*, 108 F.3d at 1145. Other sources have described puffery as "a general claim of superiority over a comparative product that is so vague, it would be understood as a mere expression of opinion." 4 J. Thomas McCarthy, McCarthy on Trademark and Unfair Competition § 27.38 (4th ed.1996).

▪ Plaintiff maintains that the "Compare to Body Solutions" statement on its own products does not make a detailed or specified assertion of measurable fact. As such, Plaintiff contends that the statement Defendants complain of is merely nonactionable "puffery." The Court disagrees. This is not an instance where the alleged false advertising claims are broad assertions of superiority in the field. *See, e.g., Pizza Hut. Inc.*, 227 F.3d at 491 (classifying the statement "Better ingredients. Better pizza." as non-actionable puffery). Instead, by referencing a particular competing product, that is, the Body Solutions line, Plaintiff's invitation to "compare" does not qualify as a vague claim of superiority. *See, e.g., Cartier, Inc. v. Deziner Wholesale L.L.C.*, 2000 WL 347171 at *4 (S.D.N.Y.2000) (finding, in a summary judgment motion, that a sunglasses label inviting consumers to compare its prices to another brand was misleading in that it either suggested that the two brands were affiliated or that the products were similar in quality); *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 37 (1st Cir.2000) (finding that advertisements with the tag line "compare to your detergent... whiter is not possible" was not mere puffery and denying the defendant's motion to dismiss); *Johnson & Johnson v. Quality Pure Mfg. Inc.*, 484 F.Supp. 975 (granting preliminary injunction pursuant to 15 U.S.C. § 1125(a) preventing the airing of a commercial comparing the shampoo products of the defendants and the plaintiffs when the commercial made the non-verified statements that the defendant's shampoo "gave me more lather" and that "both were extremely mild"). Unlike more subjective terms often used in advertising, "compare" suggests that a product's perfor-

mance has in fact been tested and verified. Although "compare to Body Solutions" by itself is not a false statement, Defendant alleges that the statement is misleading in that it leads consumers to believe that Plaintiff's products have been tested and are equivalent in efficacy or content with the Body Solutions line when they in fact are not. Additionally, the Court notes that Defendant alleges that Plaintiff's label uses Body Solutions' actual mark, trade dress and logo, which could further increase the potential for the statement to mislead.

Plaintiff relies on a Maine District Court case, *The Butcher Co., Inc. v. Bouthot*, 2001 WL 263313, at *1 (D.Me.2001), as support that "comparison" statements are, as a matter of law, non-actionable puffery. The *Bouthot* court concluded that the statements of comparison alleged by the plaintiff were merely puffery and granted summary judgment on the plaintiff's 15 U.S.C. § 1125 claim. The Court finds this case distinguishable, however, given that *Bouthot* involved summary judgment, while the instant claim is a motion to dismiss. The *Bouthot* court was able to consider a variety of facts, including the actual labels themselves, in reaching its decision that there was no genuine issue of material of fact regarding the comparison statements. The Court notes that similar factual considerations led a New York district court to find that a comparison claim did provide the basis for a 15 U.S.C. § 1125(a) claim to survive summary judgment, based in part on the claims' appearance and the large type used to depict the competitor's brand name. *Cartier Inc.*, 2000 WL 347171 at *4. In contrast, on a motion

dismiss, the Court's decision here must only rely on the pleadings themselves, without an actual viewing of the offending advertising itself.

■ Furthermore, a Rule 12(b)(6) motion has a different standard of review than a summary judgment motion. Although a Court can determine on a motion to dismiss that the advertising in the controversy is puffery, it can only do so if "no relief could be granted under any set of facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245–46 (9th Cir.1990) (affirming dismissal of 15 U.S.C. § 1125 claim because the statement "[W]e're the low cost commercial collection experts" could only be interpreted as puffery). As discussed, above, when Defendant's allegations of the "Compare to Body Solutions" statement are taken as true, as they must be in a motion to dismiss, Defendant has identified a false or misleading statement necessary for a false advertising claim under 15 U.S.C. § 1125. The Court's ruling against Plaintiff's Motion to Dismiss of course does not prevent Plaintiff from challenging the sufficiency of Defendant's false advertising claim again through a summary judgment motion at the appropriate phase of the litigation.

In conclusion, the Court determines that, at this stage, Defendant has adequately alleged that Plaintiff's labels contain a false or misleading statement. Additionally, Defendant's Counterclaim properly alleges all other required elements of a 15 U.S.C. § 1125 claim. For these reasons, Plaintiff's Motion to Dismiss Defendant's False Advertising Counterclaim is DENIED.[2]

---

**2.** In Plaintiff's Motion to Dismiss, Plaintiff also requested that, if the Court granted its Motion, that the Court also strike paragraphs 22 and 24 of Defendant's Answer and Counterclaim because they solely relate to Count Two of Defendant's Counterclaim. Plaintiff maintained that these paragraphs would not be relevant if Count Two was dismissed. Because the Court has denied Plaintiff's Motion to Dismiss, there is no basis to strike the identified paragraphs and Plaintiff's request is therefore also denied.

The Court also has before it Plaintiff's Motion to Continue Setting of Initial Pre-trial Conference [Document # 15]. Through this Motion, Plaintiff requested that the initial pre-trial conference be delayed until after the Court has ruled on Plaintiff's Motion to Dismiss. The Court has now ruled on Plaintiff's Motion to Dismiss, and there are therefore no further impediments to proceeding to the pre-trial conference. Accordingly, Plaintiff's Motion to Continue is rendered moot and is therefore DENIED.